HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL ARMOUR, et al.,

        Plaintiffs,

    v.

REBECCA WILSON, et al.,

        Defendants.

CASE NO. C12-851RAJ

ORDER

The parties have filed seven motions in twelve days. This order disposes of four of them and sets a hearing on the remaining three. The court also imposes a limited stay of proceedings pending that hearing. The court directs the clerk to TERMINATE four of the parties' motions (Dkt. ## 40, 41, 47, 48) and to RENOTE two of their remaining motions (Dkt. ## 42, 46) for August 17, 2012. The court sets a hearing on the remaining motions for September 5, 2012 at 10:00 a.m.

Plaintiffs brought this case in mid-May and immediately asked the court to issue an ex parte temporary restraining order to bar Defendants from unlawfully accessing several of their online accounts. Concerned about the possible harm to Plaintiffs from continued access, the court granted the ex parte TRO. If Plaintiffs believe that the court granted the TRO because they had made a strong case on the merits, they are mistaken.

ORDER – 1

Once Defendants had a chance to submit their own evidence and argument at a May 23 hearing, the court vacated the TRO. The court set a July 5 deadline for Plaintiffs to renew a motion for injunctive relief; at the same time, the court cautioned Plaintiffs that they would not win injunctive relief by relying on the same evidence they had already put before the court. By June 21, Plaintiffs extended that deadline to August 17 with Defendants' consent. Now they ask to extend the deadline again to September 28. Defendants oppose the most recent request.

Not long after Plaintiffs' request, Defendants filed a motion for judgment on the pleadings.[1] If the court granted that motion in its entirety, it would dismiss this case. Defendants simultaneously moved for a stay of discovery pending a ruling on the motion for judgment on the pleadings. Plaintiffs then moved to compel discovery, filed an admittedly unnecessary motion for leave to amend their complaint, and a motion for leave to file an overlength brief that they could have avoided by simply calling opposing counsel.

Much of the briefing on these motions is incomplete. Even in their incomplete form, however, the motions raise concerns that the parties are using this litigation not as a means of resolving a legal dispute, but as a means of resolving personal disputes. The court has pointed to that concern several times already, and nothing in the motions before the court suggests that the parties have heeded the court's admonitions. The record suggests that the parties continue to use this proceeding to leverage their positions in a state court dispute over the custody of the children that Plaintiff Paul Armour and Defendant Rebecca Wilson share.

The court is in no position at this stage to assess whether Defendants are likely to prevail on their motion for judgment on the pleadings. It is rare, however, for any party

---

[1] Defendants improperly noted the motion for the third Friday following its filing in violation of this District's local rules, which set a fourth-Friday noting date for all dispositive motions. Local Rules W.D. Wash. CR 7(d)(3). The clerk has already renoted the motion for August 17.

ORDER – 2

to completely succeed on a motion targeting pleadings. Even where a party succeeds, a court must presumptively permit a party to amend its pleadings to remedy defects. In this case, Plaintiffs have already announced their intent to amend their complaint, which they may do as a matter of right, at least until August 15. Fed. R. Civ. P. 15(a)(2)(B). Except in unusual circumstances, the court does not cut off discovery while a dispositive motion is pending. The court finds no clear reason, at least at this time, to cut off all discovery in this case. The court will instead impose a limited stay, which it will describe at the conclusion of this order.

The court also finds no reason to extend the "deadline" for Plaintiffs' motion for injunctive relief. When the court initially set that deadline, it intended to permit Plaintiffs a brief period of time to prove their claim that Defendants were, *on an ongoing basis*, unlawfully accessing Plaintiffs' online accounts or disseminating the fruits of that access. Rather than take advantage of that period, Plaintiffs wasted time on unnecessary discovery (they chose, for example, to subpoena Mr. Wilson's son's high school guidance counselor) and sought delay. Now they want more delay to take more discovery. The reasons for which the court initially imposed a deadline are no longer applicable. Plaintiffs' willingness to extend the injunctive relief deadline to more than four months after they filed their complaint is a strong indicator that they have no evidence of ongoing or imminent irreparable harm. If they wish to renew a motion for injunctive relief, they may do so. The Federal Rules of Civil Procedure impose no time limit on injunction motions, they dictate instead that the court cannot grant injunctive relief unless a party demonstrates an ongoing irreparable harm or a threat of future irreparable harm. If Plaintiffs cannot meet that standard, they ought not file another motion for injunctive relief.

ORDER – 3

The court sets a hearing for September 5, 2012 at 10:00 a.m. to resolve Plaintiffs' motion to compel discovery, Defendants' motion to stay discovery, and Defendants' motion for judgment on the pleadings. In the interim, the court orders as follows:

1) The court imposes a limited stay on discovery. No party may propound any new discovery until further order of the court. As to existing discovery, the parties shall comply with any deadlines (e.g., deposition noting dates, response deadlines for interrogatories) that arise before September 5, 2012. The court vacates any discovery deadlines on or after September 5, 2012.

2) The parties shall file no further motions until further order of the court. If the court authorizes additional motions, the parties must first meet and confer to determine if they can agree on the relief requested, and the moving party must certify its compliance with this requirement.

3) The court has no objection to the combined reply and opposition brief that Plaintiffs filed on August 2, and the clerk shall TERMINATE the motion for leave to file that brief. Dkt. # 48.

4) The court will not grant Plaintiffs leave to amend their complaint where they may do so as a matter of right, and the clerk shall TERMINATE their motion to for leave to amend. Dkt. # 47.

5) The clerk shall TERMINATE Plaintiffs' motion to change the deadline for moving for injunctive relief (Dkt. # 40) and Defendants' motion to renote that motion (Dkt. # 41). Both motions are moot.

6) For purely administrative purposes, the court will note all the remaining motions for August 17, the noting date of Defendants' motion for judgment on the pleadings. The clerk shall therefore RENOTE two of

ORDER – 4

the pending motions (Dkt. ## 42, 46) for August 17.  The parties shall brief those two motions in accordance with their original noting dates.

DATED this 9th day of August, 2012.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5